# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**RENDELL WASHINGTON**  **CIVIL ACTION**

**versus**  **NO. 12-136**

**STEVE RADER, WARDEN**  **SECTION: "A" (1)**

## REPORT AND RECOMMENDATION

  This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

  Petitioner, Rendell Washington, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On September 24, 2002, he was convicted of possession within intent to distribute marijuana within one thousand feet of a drug-free zone.[1] On April 30, 2003, he was found to be a second offender and was sentenced as such to a term of twenty-two and

---

[1] State Rec., Vol. IV of VI, transcript of September 24, 2002, pp. 123-24; State Rec., Vol. I of VI, minute entry dated September 24, 2002; State Rec., Vol. I of VI, jury verdict form.

one-half years imprisonment without benefit of probation or suspension of sentence.² On January 27, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.³ He did not seek review of that judgment by the Louisiana Supreme Court or the United States Supreme Court.

Petitioner did, however, file numerous post-conviction challenges in the state courts over the next few years, beginning with an application for post-conviction relief filed with the state district court on April 1, 2004.⁴ That application was denied on April 28, 2004.⁵ His related writ

---

² State Rec., Vol. IV of VI, transcript of April 30, 2003; State Rec., Vol. I of VI, minute entry dated April 30, 2003.

³ State v. Washington, 866 So.2d 973 (La. App. 5th Cir. 2004) (No. 03-KA-1135); State Rec., Vol. III of VI.

⁴ The Court can find no copy of that original application in the state court record. In denying relief, the state court indicated the application was filed on April 6, 2004. However, in its response in this proceeding, the state represents that the application was signed on signed on April 1, 2004, and used that as the date of filing. Dec. Doc. 15, p. 3 n.3. For the following reasons, this Court will do the same.
    The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document, the Court will look to the postmark or other similar evidence, if available, or, as a last resort, the date-stamp placed on the document by the clerk of court. While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is extremely untimely.

⁵ State Rec., Vol. V of VI, Order dated April 28, 2004.

applications were then likewise denied by the Louisiana Fifth Circuit Court of Appeal on June 16, 2004,[6] and by the Louisiana Supreme Court on May 6, 2005.[7]

In the interim, on March 6, 2005, petitioner filed with the state district court a motion to correct an illegal sentence.[8] That motion was denied as untimely on March 14, 2005.[9]

On June 7, 2005, petitioner filed with the state district court a motion to quash the bill of information and the multiple bill of information.[10] That motion was likewise denied as untimely on June 15, 2005.[11]

On July 14, 2005, petitioner filed with the state district court a motion to correct an illegal sentence.[12] On July 18, 2005, the state district court ruled that the motion was in actuality seeking post-conviction review of petitioner's conviction, and, therefore, dismissed the application

---

[6] State *ex rel.* Washington v. Copes, No. 04-KH-665 (La. App. 5th Cir. June 16, 2004); State Rec., Vol. V of VI.

[7] State *ex rel.* Washington v. State, 901 So.2d 1086 (La. 2005) (No. 2004-KH-1809); State Rec., Vol. V of VI.

[8] State Rec., Vol. I of VI. This motion was filed-stamped on March 10, 2005. In its response, the state indicates that the motion bore a certificate of service dated March 6, 2005, and used that as the date of filing. Rec. Doc. 15, p. 4 n.6. This Court sees no such certificate of service on the copy in the state court record; however, it will accept the state's representation and give petitioner the benefit of the earlier filing date.

[9] State Rec., Vol. I of VI, Order dated March 14, 2005.

[10] The Court can find no copy of this motion in the state court record. In denying the motion, the state court indicated the motion was filed on June 14, 2005. However, the state represents that the motion was signed on June 7, 2005, and used that as the date of filing. Rec. Doc. 15, p. 4 n.7. This Court will do the same.

[11] State Rec., Vol. I of VI, Order dated June 15, 2005.

[12] State Rec., Vol. I of VI.

without prejudice based on petitioner's failure to use the required uniform application for seeking post-conviction relief.[13]

On October 28, 2005, petitioner filed with the state district court a motion for review of his sentence.[14] That motion was denied on February 1, 2006.[15] Petitioner's related writ application was then likewise denied by the Louisiana Fifth Circuit Court of Appeal on March 17, 2006.[16]

On April 20, 2006, petitioner filed with the state district court a "Motion for Modification of Post Verdict Judgment."[17] That motion was denied on May 1, 2006.[18]

On May 23, 2006, petitioner filed with the state district court a motion entitled "Extraordinary/Writ."[19] That motion was denied as untimely on June 12, 2006.[20]

---

[13] State Rec., Vol. I of VI, Order dated July 18, 2005.

[14] State Rec., Vol. I of VI. This motion was file-stamped on December 12, 2005. However, the state represents that the motion was mailed in an envelope postmarked on October 28, 2005, and therefore used that as the date of filing. Rec. Doc. 15, p. 5 n.9. Although this Court finds no such envelope in the state court record, the Court will accept the state's representation as correct and give petitioner the benefit of that earlier filing date.

[15] State Rec., Vol. I of VI, Order dated February 1, 2006.

[16] State v. Washington, No. 06-KH-170 (La. App. 5th Cir. Mar. 17, 2006); State Rec., Vol. I of VI.

[17] State Rec., Vol. I of VI.

[18] State Rec., Vol. I of VI, Order dated May 1, 2006.

[19] State Rec., Vol. I of VI.

[20] State Rec., Vol. I of VI, Order dated June 12, 2006. In connection with this motion, petitioner also filed an application for a writ of mandamus with the Louisiana Fifth Circuit Court of Appeal. That application was denied as moot on August 10, 2006. State v. Washington, No. 06-KH-586 (La. App. 5th Cir. Aug. 10, 2006); State Rec., Vol. I of VI.

On March 8, 2007, petitioner filed with the state district court an application for a writ of *habeas corpus*.[21] That application was denied on March 20, 2007.[22]

On July 19, 2007, petitioner filed with the state district court a motion to amend or modify his sentence.[23] That motion was denied on July 31, 2007.[24]

On August 14, 2007, petitioner filed with the state district court a "Motion for Newly Discovered Evidence After Verdict."[25] That motion was denied as untimely on August 31, 2007.[26] Petitioner's related writ application was then likewise denied by the Louisiana Fifth Circuit Court of Appeal on November 9, 2007.[27]

---

[21] State Rec., Vol. I of VI. This motion was file-stamped on March 13, 2007. However, the state represents that the motion was mailed in an envelope postmarked on March 8, 2007, and therefore used that as the date of filing. Rec. Doc. 15, p. 7 n.13. Although this Court finds no such envelope in the state court record, the Court will accept the state's representation as correct and give petitioner the benefit of that earlier filing date.

[22] State Rec., Vol. I of VI, Order dated March 20, 2007.

[23] State Rec., Vol. I of VI.

[24] State Rec., Vol. I of VI, Order dated July 31, 2007.

[25] State Rec., Vol. I of VI. This motion was file-stamped on August 20, 2007. However, the state represents that the motion was mailed in an envelope postmarked on August 14, 2007, and therefore used that as the date of filing. Rec. Doc. 15, p. 8 n.17. Although this Court finds no such envelope in the state court record, the Court will accept the state's representation as correct and give petitioner the benefit of that earlier filing date.

[26] State Rec., Vol. I of VI, Order dated August 31, 2007.

[27] Washington v. State, No. 07-KH-817 (La. App. 5th Cir. Nov. 9, 2007); State Rec., Vol. II of VI.

On November 28, 2007, petitioner filed with the state district court a "Motion for Correction of Illegal Multiple Bill."[28] That motion was denied on January 3, 2008,[29] and his related writ application was denied by the Louisiana Fifth Circuit Court of Appeal on April 15, 2008.[30]

While that foregoing motion was still pending, petitioner filed with the state district court a motion for review of sentence on February 19, 2008.[31] That motion was denied on March 3, 2008.[32]

On May 7, 2008, petitioner filed with the state district court a motion to correct illegal sentence.[33] That motion was denied on May 19, 2008.[34] His related writ application was then likewise denied by the Louisiana Fifth Circuit Court of Appeal on July 31, 2008.[35]

In the interim, on July 15, 2008, petitioner also filed a petition directly with the Louisiana Supreme Court to challenge the manner in which the Louisiana Fifth Circuit Court of

---

[28] State Rec., Vol. II of VI.

[29] State Rec., Vol. II of VI, Order dated January 3, 2008.

[30] State v. Washington, No. 08-KH-118 (La. App. 5th Cir. Apr. 15, 2008); State Rec., Vol. II of VI.

[31] State Rec., Vol. II of VI.

[32] State Rec., Vol. II of VI, Order dated March 3, 2008.

[33] The Court can find no copy of this motion in the state court record. In denying the motion, the state court indicated the motion was filed on May 12, 2008. However, the state represents that the motion was signed on May 7, 2008, and used that as the date of filing. Rec. Doc. 15, p. 9 n.20. This Court will do the same.

[34] State Rec., Vol. II of VI, Order dated May 19, 2008.

[35] State v. Washington, No. 08-KH-498 (La. App. 5th Cir. July 31, 2008); State Rec., Vol. II of VI.

Appeal had processed *pro se* post-conviction writ applications.[36] On October 10, 2008, that petition was transferred to the Louisiana Fifth Circuit Court of Appeal,[37] which denied relief on May 5, 2010.[38]

While that petition was pending, petitioner returned to the state district court on several occasions to seek relief. On August 12, 2008, he filed a "Motion for Review of Unconstitutional Multiple Offender Adjudication and Sentence,"[39] which was denied as untimely on August 21, 2008.[40] On September 18, 2008, he filed a motion for review,[41] which was denied on September 26, 2008.[42] Then, on September 29, 2008, he filed a motion for modification of sentence,[43] which was denied on October 14, 2008.[44]

On December 30, 2010, petitioner filed with the state district court a "Petition for Order Nunc Pro Tunc For Instant Court to Exercise Its Inherent Power for Making Its Record Speak

---

[36] State Rec., Vol. VI of VI.

[37] State *ex rel.* Washington v. State, 993 So.2d 1229 (La. 2008) (No. 2008-KH-1935); State Rec., Vol. II of VI.

[38] State *ex rel.* Washington v. State, No. 08-WR-977 (La. App. 5th Cir. May 5, 2010); State Rec.,Vol. II of VI.

[39] State Rec., Vol. II of VI.

[40] State Rec., Vol. II of VI, Order dated August 21, 2008.

[41] State Rec., Vol. II of VI.

[42] State Rec., Vol. II of VI, Order dated September 26, 2008.

[43] State Rec., Vol. II of VI.

[44] State Rec., Vol. II of VI, Order dated October 14, 2008.

Truth."[45] That petition was dismissed as untimely on January 7, 2011.[46] Petitioner's related writ applications were likewise denied without additional reasons assigned by the Louisiana Fifth Circuit Court of Appeal on April 20, 2011,[47] and by the Louisiana Supreme Court on November 23, 2011.[48]

In the interim, on July 18, 2011, petitioner filed with the state district court an application for a writ of *habeas corpus*,[49] which was denied as untimely on July 28, 2011.[50]

On January 12, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[51] The state argues that the application is untimely.[52] The state is correct.

---

[45] State Rec., Vol. II of VI. This motion was file-stamped on January 4, 2011. However, the state represents that the motion was mailed in an envelope postmarked on December 30, 2010, and therefore used that as the date of filing. Rec. Doc. 15, p. 11 n.24. Although this Court finds no such envelope in the state court record, the Court will accept the state's representation as correct and give petitioner the benefit of that earlier filing date.

[46] State Rec., Vol. II of VI, Order dated January 7, 2011.

[47] State v. Washington, No. 11-KH-272 (La. App. 5th Cir. April 20, 2011); State Rec., Vol. II of VI.

[48] State *ex rel.* Washington v. State, 76 So.3d 1150 (La. 2011) (No. 2011-KH-1113); State Rec., Vol. VI of VI.

[49] State Rec., Vol. II of VI.

[50] State Rec., Vol. II of VI, Order dated July 28, 2011. The parties also reference another application for a writ of *habeas corpus* purportedly filed in the Louisiana Twentieth Judicial District Court in July or September of 2010. See Rec. Doc. 1, p. 4; Rec. Doc. 15, p. 12 n.26. This Court has found no copy of that application in the state court record. Nevertheless, the application is of no moment because it was filed long after the federal limitations period expired.

[51] Rec. Doc. 1.

[52] Rec. Doc. 15.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[53] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

---

[53] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

In the instant case, the Louisiana Fifth Court of Appeal affirmed petitioner's conviction and sentence on January 27, 2004,[54] and it mailed notice of that judgment to the parties, including petitioner, on that same date.[55] As a result, he had only until February 26, 2004, to seek review of that judgment in the Louisiana Supreme Court. Because he failed to file a writ application with that court, his state criminal judgment became final for the purposes of the AEDPA, and his federal limitations period therefore commenced, on February 26, 2004. See id. at 317-18. That federal limitations period then expired one year later, unless the deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA expressly provides: "The time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court has explained: "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, *the form of the document, the time limits upon its delivery,* the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted; emphasis added). Regarding time limits, the Supreme Court has held that when the state courts dismiss an application as untimely under state law, such an application cannot be considered

---

[54] State v. Washington, 866 So.2d 973 (La. App. 5th Cir. 2004) (No. 03-KA-1135); State Rec., Vol. III of VI.

[55] State Rec., Vol. IV of VI, Certificate of Mailing.

– 10 –

to have been "properly filed," and, therefore, cannot toll the federal limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (quotation marks and brackets omitted)); see also Nellon v. Cain, Civ. Action No. 10-4430, 2012 WL 1142539, at *4 (E.D. La. Jan. 25, 2012), adopted, 2012 WL 1089232 (E.D. La. Mar. 30, 2012); Hartman v. Johnson, Civ. Action No. 11-13, 2011 WL 4443230, at *4 (E.D. La. Sept. 23, 2011); Price v. Cain, Civ. Action No. 11-071, 2011 WL 2937287, at *3 (E.D. La. June 1, 2011), adopted, 2011 WL 2937285 (E.D. La. July 19, 2011); Lebanks v. Cain, Civ. Action No. 09-7709, 2010 WL 5055989, at *3 (E.D. La. Oct. 25, 2010), adopted, 2010 WL 5057424 (E.D. La. Dec. 6, 2010); Campbell v. Cain, No. 06-3983, 2007 WL 2363149, at *3 (E.D. La. Aug. 15, 2007).

After thirty-four (34) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on April 1, 2004. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). The state does not challenge the timeliness of petitioner's related appellate writ applications. Therefore, as the state concedes, tolling continued until the Louisiana Supreme Court denied relief on May 6, 2005.[56]

---

[56] State ex rel. Washington v. State, 901 So.2d 1086 (La. 2005) (No. 2004-KH-1809); State Rec., Vol. V of VI. A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).
　　The Court further notes that, while those proceedings were ongoing, petitioner filed with the state district court a motion to correct an illegal sentence on March 6, 2005. Because that motion was denied as untimely on March 14, 2005, it would not have tolled the limitations period; however, because the limitations period was already tolled, that is of no moment.

At that point, petitioner normally would have had three hundred only thirty-one (331) days of the federal limitations period remaining. However, because that period included the time during which Hurricane Katrina struck New Orleans, petitioner arguably had an additional eighty-six (86) days due to former Chief Judge Helen G. Berrigan's suspension of all prescriptive periods in this Court from September 1, 2005, through November 25, 2005. See, e.g., Mark v. Michael, Civ. Action No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008). Therefore, out of an abundance of caution, the Court will assume for the purposes of this decision, that, as of May 6, 2005, petitioner still had a total of four hundred seventeen (417) days of the limitations period remaining. Accordingly, he had only until June 27, 2006, to file his federal application, unless the limitations period was again tolled by a *properly* filed application for state post-conviction or other collateral review.

Although petitioner filed numerous state applications during that applicable period, those applications were not *properly* filed for the following reasons.

For example, petitioner filed a motion to quash on June 7, 2005. However, as noted, the state district court expressly rejected that motion as untimely.[57] For the reasons previously explained, a motion or application denied as untimely cannot be considered "properly filed" for the purposes of 28 U.S.C. § 2244(d)(2). Therefore, the motion to quash did not toll the federal limitations period.

Petitioner's next filing was a purported motion to correct an illegal sentenced filed on July 14, 2005. However, as noted, that motion was dismissed because petitioner was in actuality

---

[57] State Rec., Vol. I of VI, Order dated June 15, 2005.

seeking post-conviction review of his conviction but failed to used the uniform application for post-conviction relief as required by La. Code Crim. P. art. 926(D).[58] Because petitioner failed to comply with a filing condition, i.e. use of the required uniform application form, the motion was likewise not "properly filed" and therefore also did not toll the federal limitations period.

Petitioner then filed a motion for review of his sentence on October 28, 2005. In denying that motion, the state district court found that the motion was repetitive because it presented the same claims which had been previously asserted and denied in connection with the motion to correct an illegal sentence filed on or about March 6, 2005.[59] Because that prior motion was denied as untimely filed,[60] the instant motion was likewise untimely for the same reasons. Because a petitioner cannot be granted any tolling under 28 U.S.C. § 2244(d)(2) for an untimely filing, petitioner is not entitled to any tolling credit for the motion or the related writ application.

Petitioner's next filing was his "Motion for Modification of Post Verdict Judgment" filed on April 20, 2006. However, the state district court noted that the motion was also repetitive, in that it presented the same claims considered and previously denied by the court as untimely or for failure to use the required uniform form.[61] Therefore, the motion, which suffered from the same procedural defects, likewise was not "properly filed" and cannot serve as a basis for tolling under 28 U.S.C. § 2244(d)(2) for the reasons previously discussed.

---

[58] State Rec., Vol. I of VI, Order dated July 18, 2005.

[59] State Rec., Vol. I of VI, Order dated February 1, 2006.

[60] State Rec., Vol. I of VI, Order dated March 14, 2005.

[61] State Rec., Vol. I of VI, Order dated May 1, 2006.

Petitioner's final state court filing during the applicable limitations period was the motion entitled "Extraordinary/Writ" filed on May 23, 2006.[62] However, that motion was expressly denied as untimely,[63] and, therefore, as noted, cannot serve as a basis for tolling the federal limitations period.

Because petitioner had no other "*properly* filed" state applications pending at any time prior to June 27, 2006, he is not entitled to further statutory tolling. Although petitioner filed numerous state post-conviction motions and applications *after* June 27, 2006, such motions and applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

Moreover, out of an abundance of caution, the Court further notes that many of those subsequent motions and applications suffered from procedural defects, meaning that they likewise were not "*properly* filed" and would therefore not have tolled the federal limitations period in any

---

[62] State Rec., Vol. I of VI.

[63] State Rec., Vol. I of VI, Order dated June 12, 2006. As noted, in connection with this application, petitioner also filed an application for a writ of mandamus with the Louisiana Fifth Circuit Court of Appeal which was denied as moot on August 10, 2006. State v. Washington, No. 06-KH-586 (La. App. 5th Cir. Aug. 10, 2006); State Rec., Vol. I of VI. That application need not be considered herein, because an application for a writ of mandamus does not toll the federal limitations period. Moore v. Cain, 298 F.3d 361 (5th Cir. 2002).

event. For example, although petitioner filed an application for a writ of *habeas corpus* on March 8, 2007, that application was denied because, once again, he failed to use the required uniform application form.[64] He also filed a motion to amend or modify sentence on July 19, 2007; however, that motion was denied as repetitive because it presented claims which had already been dismissed as untimely or for failure to use the uniform application form.[65] Similarly, his "Motion for Newly Discovered Evidence After Verdict," which was filed on August 14, 2007, was denied as untimely.[66] The "Motion for Review of Unconstitutional Multiple Offender Adjudication and Sentence," which was filed on August 12, 2008, was likewise denied as untimely.[67] The "Petition for Order Nunc Pro Tunc For Instant Court to Exercise Its Inherent Power for Making Its Record Speak Truth," which was filed on December 30, 2010, was also dismissed as untimely,[68] as was the application for a writ of *habeas corpus* filed on July 18, 2011.[69] Therefore, even if a basis were found to extend petitioner's deadline for seeking federal relief to some point beyond June 27, 2006, that would aid petitioner little. He still had long periods of time which would have elapsed untolled between that date and January 12, 2012, the date on which he filed this federal application, and those periods would be sufficient to render his federal application untimely.

---

[64] State Rec., Vol. I of VI, Order dated March 20, 2007.

[65] State Rec., Vol. I of VI, Order dated July 31, 2007.

[66] State Rec., Vol. I of VI, Order dated August 31, 2007; see also Washington v. State, No. 07-KH-817 (La. App. 5th Cir. Nov. 9, 2007); State Rec., Vol. II of VI.

[67] State Rec., Vol. II of VI, Order dated August 21, 2008.

[68] State Rec., Vol. II of VI, Order dated January 7, 2011.

[69] State Rec., Vol. II of VI, Order dated July 28, 2011.

In light of the foregoing, petitioner's federal application is timely only if he is entitled to equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 27, 2006. Because his federal application was not filed until many years later on January 12, 2012,[70] it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Rendell Washington be **DISMISSED WITH PREJUDICE** as untimely.

---

[70] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on January 12, 2012. Rec. Doc. 1, p. 11.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[71]

New Orleans, Louisiana, this fourteenth day of May, 2012.

                                              **SALLY SHUSHAN**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[71] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.